2024-1388

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

DAVID SCOTT BRIMER,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for Review from the Merit Systems Protection Board
in Case No. AT-3330-21-0119-I-1

# BRIEF OF RESPONDENT

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

STEPHEN J. SMITH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-0546
Email: Stephen.J.Smith@usdoj.gov

July 18, 2024

Attorneys for Respondent

# TABLE OF CONTENTS

PAGE


TABLE OF AUTHORITIES ........................................................................iv

STATEMENT OF RELATED CASES ................................................................ vii

STATEMENT OF THE ISSUES........................................................................1

STATEMENT OF JURISDICTION....................................................................2

STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS .............2

I. Nature Of The Case ........................................................................2

II. Statement Of Facts ........................................................................3

A. Mr. Brimer, A Veteran, Was Not Selected For a Merit Promotion To The Position Of Assistant Human Resources Officer ........................................................................3

B. The MSPB Denied Mr. Brimer's VEOA Appeal .......................6

SUMMARY OF THE ARGUMENT ........................................................................8

ARGUMENT ........................................................................10

I. Standard Of Review ........................................................................10

II. The Board Correctly Applied *Kerner's* Conclusion That Section 3304(f) Does Not Apply To Internal Veteran Candidates Seeking A Merit Promotion ........................................................................11

A. *Kerner* Recognized That Section 3304(f)(1) Does Not Cover Veterans That Are Already Federal Civil Service Employees 11

B. In *Oram*, The Board Appropriately Applied *Kerner* .............. 14

C. Other Courts Have Interpreted *Kerner* In The Same Way As The Board In *Oram* ....................1

III. The Court Should Reject Mr. Brimer's Invitation To Overrule Kernan and Oram ....................16

A. A Panel Of This Court Cannot Overrule *Kerner* .................... 16

B. *Kerner* Is Not Inconsistent With The Court's Prior Decisions in *Joseph v. FTC* or *Lazaro v. Department of Veterans Affairs* ...19

IV. Mr. Brimer Was Afforded The Opportunity to Compete .................. 21

V. The Navy's Alleged Violation Of The VEOA Did Not Harm Mr. Brimer.................... 25

CONCLUSION ....................26

# TABLE OF AUTHORITIES

CASES PAGE(S)

*Brewer v. United States Postal Service*,
647 F.2d 1093, 1096 (Ct. Cl. 1981), *cert. denied*, 454 U.S. 1144 (1982).....11

*Bumgardner v. Dep't of the Navy*,
No. 2023-1713, 2024 WL 2129347 (Fed. Cir. May 13, 2024) ........ 16, 25, 26

*Gingery v. Dep't of Veterans Affairs*,
114 M.S.P.R. 175 (2010)........................................................................15

*General Protecht Grp., Inc. v. Leviton Mfg. Co*,
651 F.3d 1355, 1363 (Fed. Cir. 2011)..........................................................21

*Harris v. Dep't of Veterans Affairs*,
142 F.3d 1463 (Fed. Cir. 1998)...................................................................11

*Henderson v. Shulkin*,
720 Fed. Appx. 776 (7th Cir. 2024) ..................................................... 16, 17

*Jolley v. Dep't of Homeland Security*,
105 M.S.P.R 104 (2007)..........................................................................16

*Jolley v. Dep't of Hous. & Urb. Dev.*,
No. 2022-2303, 2023 WL 8467510 (Fed. Cir. Dec. 7, 2023)........................23

*Jones v. Dep't of Health & Human Servs.*,
834 F.3d 1361 (Fed. Cir. 2016)...................................................................24

*Joseph v. Fed. Trade Comm'n*,
505 F.3d 1380 (Fed. Cir. 2007)........................................................... passim

*Kerner v. Dep't of the Interior*,
778 F.3d 1336 (Fed. Cir. 2015)........................................................... passim

*Lazaro v. Dep't of Veterans Affairs*,
666 F.3d 1316 (Fed. Cir. 2012)....................................................... 17, 18. 19

*Metzinger v. Dep't of Veterans Affairs*,
20 F.4th (Fed. Cir. 2021) ........................................................................17

*Miller v. Fed. Deposit Ins. Corp.*,
121, M.S.P.R. 88, *aff'd* 818 F.3d 1357 (Fed. Cir. 2016) ................. 22, 23, 25

*Newell Cos. v. Kenney Mfg. Co.*,
864 F.2d 757 (Fed. Cir. 1988) ....................................................... 17, 18, 21

*Oram v. Dep't of the Navy,*
No. DC-3330-17-0755-I-1, 2022 WL 3971523
(M.S.P.B. Aug. 31, 2022) ..................................................................... passim

*Parker v. United States Postal Service*,
819 F.2d 1113 (Fed. Cir. 1987) .....................................................................11

*Shapley v. Dep't of Homeland Security*,
110 M.S.P.R (2008) ........................................................................................16

*Styslinger v. Dep't of the Army*,
104 M.S.P.R. 223 (2007) ................................................................................16

*Thomas v. Dep't of Labor*,
685 Fed. App'x 903 (Fed. Cir. 2017) ............................................................23

*Trimble v. Dep't of Veterans Affairs*,
No. 2023-1306, 2023 WL 4287195 (Fed. Cir. June 30, 2023) ........ 22, 25, 26

*Williams v. Dep't of the Navy*,
No. 2023-1010, 2023 WL 3373578 (Fed. Cir. May 11, 2023) .....................21

*Yates v. Merit Sys. Prot. Bd.*,
145 F.3d 140 (Fed. Cir. 1998) ............................................................. 22, 24

STATUTES

5 U.S.C. § 2302(b)(4)..........................................................................................5

5 U.S.C. § 3304 ......................................................................... 8, 12, 15, 17

5 U.S.C. § 3304(f) ........ passim

5 U.S.C. § 3304(f)(1) ........ 1, 5, 7, 18

5 U.S.C. § 3304(f)(3) ........ 23

5 U.S.C. § 3311 ........ 12, 14

5 U.S.C. § 3330a(1)(A) ........ 5, 6

5 U.S.C. § 7703(c) ........ 10

28 U.S.C. § 1295(a)(9) ........ 2

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, respondent's counsel states that he is unaware of any other appeal in or from this same action that was previously before this Court or any other appellate court under the same or similar title. Counsel further states that he is not aware of any case pending before this Court or any other court that may directly affect or be directly affected by this Court's decision in this appeal.

2024-1388

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

DAVID SCOTT BRIMER,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

BRIEF OF RESPONDENT

## STATEMENT OF THE ISSUES[1]

1. Whether the board properly applied *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), which established that 5 U.S.C. § 3304(f)(1) does not apply to veterans who are already Federal civil employees seeking merit promotions, to deny petitioner's claim for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA).

[1] Consistent with Federal Circuit Rule 28(b), we have included a statement of the issues, a statement of the case setting forth the relevant facts, and a standard of review, because those sections of the appellants' opening briefs are not adequate.

2. Whether this Court should decline petitioner's invitation to clarify or overrule its decision in *Kerner*.

3. Whether petitioner was afforded the opportunity to compete per 5 U.S.C. § 3304(f)(1) when petitioner applied for the position and his application was evaluated after an error in initial processing was identified.

4. Whether petitioner can establish that he was harmed by any alleged violation of his rights under § 3304(f) when both the selectee and petitioner were entitled to the same veterans' preference, but the selectee received a higher evaluation score.

## STATEMENT OF JURISDICTION

Petitioner David Brimer filed a timely petition for review on January 16, 2024, which was within 60 days of the MSPB's November 30, 2023 final order in this case. Pursuant to 28 U.S.C. § 1295(a)(9), this Court possesses jurisdiction of an appeal from a final decision of the Merit Systems Protection Board.

## STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS

### I. Nature Of The Case

Mr. Brimer seeks review of the decision of the MSPB in *David Scott Brimer v. United States*, No. AT-3330-21-0119-I-1, Appx1-12.[2] In its final order, the full board modified and affirmed an administrative judge's initial decision (Appx13-

[2] "Appx__" refers to pages in the Joint Appendix.

Appx27) that denied Mr. Brimer's request for corrective action under the VEOA. Appx1-2.

## II. Statement Of Facts

### A. Mr. Brimer, A Veteran, Was Not Selected For A Merit Promotion To The Position Of Assistant Human Resources Officer

Mr. Brimer served in the United States Army from July 27, 1983 through June 7, 1993, accruing 9 years, 10 months, and 11 days of active-duty military service. Appx153; Pet. Br. at 6. Mr. Brimer was honorably discharged. Appx153; Appx156.

On September 3, 2017, Mr. Brimer joined the Navy's Bureau of Medicine and Surgery in Pensacola Naval Hospital, Florida as a GS-13 Supervisor, Human Relations (Labor/Employee Relations). *See* Appx14; Appx158.

On September 4, 2020, Naval Education and Training Command posted Job Announcement ST-10905451-20-DM advertising an Assistant Human Resources Officer vacancy. *See* Appx76-84. The announcement stated that the vacancy was open to "current permanent employees, VEOA eligibles, and DoD Military Spouse Preference (MSP) eligibles." Appx77; Appx71.

The next day, Mr. Brimer applied for a merit promotion to the Assistant Human Resources Officer vacancy. Appx14; Appx36. He submitted a complete application, including the requisite SF-50 forms. Mr. Brimer's application initially received a "minimum qualification" rating of "ELTE – You are tentatively eligible

for this series/grade combination based on your self-rating of your qualifications." Based on Mr. Brimer's self-reported responses to the Occupational Questionnaire portion of the application, Mr. Brimer received a rating of 97 and "augmented rating" of 107. Appx79-81; Appx107; Appx109; Pet. Br. at 6-7.

On September 22, 2020, the recruiter for the position evaluated Mr. Brimer's application. The recruiter mistakenly believed that Mr. Brimer had not submitted the requisite SF-50 forms to confirm that he met the position's time-in-grade (TIG) requirement. Appx180; Appx176; Appx2-3; Appx14-15. As a result, Mr. Brimer's application was not referred to the hiring official. Appx14; Appx223. Three days later, on September 25, Mr. Brimer was informed that he was found ineligible based on the mistaken belief that he had not submitted the SF-50 forms confirming that he met the TIG requirement, and was therefore not "referred to the hiring manager." Appx105; Appx223-224.

There is no dispute that Mr. Brimer submitted the requisite materials and that the Navy mistakenly failed to refer his application to the hiring manager.

That same day, the Navy issued a merit promotion referral certificate identifying eleven candidates considered to be "best qualified." Appx200-01; Appx224. The eventual selectee, Mr. William Jesse Wood, received a 100 rating, a 10 point veteran preference based on a "compensable service connected disability of 30 percent or more," and eligibilities under "VEOA, Disabled/Sch[edule A], and

Perm[anent] Comp[etitive] Fed[eral]." Appx89; Appx184; *see* Appx89; Appx169. The Navy extended a tentative offer for the position to Mr. Wood on October 22, 2020. Appx192; Appx201; Appx212.

Mr. Brimer subsequently filed a VEOA complaint with the Department of Labor, Veterans' Employment and Training Service ("VETS"). Appx3; Appx15; Appx161.

On November 18, 2020, "following identification of the error made regarding [Mr. Brimer's] eligibility when responding to the VETS complaint," the recruiter reevaluated Mr. Brimer's application. Appx200-01. As part of this evaluation, the recruiter compared Mr. Brimer's self-generated responses to the Occupational Questionnaire with his resume. *See* Appx100 ("This rating was based on the content of your resume and/or transcripts versus the responses you provided within your Occupational Questionnaire")The recruiter determined that Mr. Brimer's resume did not present evidence that he had the requisite experience for the position in several categories. Appx91 (explaining that Mr. Brimer's resume did not demonstrate experience in several categories including "the total life cycle view of human resources management . . . ., apply[ing] human management techniques and concepts. . ."). As such, Mr. Brimer was determined not to be among the most highly qualified candidates for the position. Appx178; Appx96.

### B. <u>The MSPB Denied Mr. Brimer's VEOA Appeal</u>

Mr. Brimer subsequently filed an appeal with the Merit Systems Protection Board. Mr. Brimer argued that, in not selecting him for the merit promotion, the Navy (1) committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(4); (2) obstructed his "right to compete for employment" under 5 U.S.C. § 3304(f)(1); and (3) violated his veterans' preference rights under 5 U.S.C. § 3330a(1)(A). *See* Appx16; Appx32-39; Pet. Br. at 8.

In the May 18, 2021 initial decision, the assigned administrative judge dismissed both Mr. Brimer's prohibited personnel practice claim and his veterans' preference claim for lack of jurisdiction. Appx17-18. With respect to the latter, the administrative judge explained that "the recruitment at issue was a merit promotion for which the agency accepted applications from outside its workforce. I find that the VEOA does not require for veterans to receive preference over other candidates for this type of recruitment." Appx17.

The administrative judge denied Mr. Brimer's right-to-compete claim under 5 U.S.C. § 3304(f) ("'right-to-compete' claim" or "'opportunity to compete' claim") for lack of jurisdiction. Appx18. The administrative judge explained that, although the Navy "plainly erred in initially finding [Mr. Brimer] unqualified for the position," it had "presented unrebutted evidence that this error was corrected" by performing a "merit review" of Mr. Brimer's application. *Id.* This review

demonstrated that while Mr. Brimer was qualified, he was "not among the small group of highest qualified applicants to be referred to the selecting official." *Id.* The administrative judge explained that the VEOA required only that Mr. Brimer's application be placed "on the same footing as the other applicants," and denied Mr. Brimer's opportunity-to-compete claim. Appx19.

On November 30, 2023, the board issued a nonprecedential final order that affirmed the initial decision, as modified to clarify the reasoning. Appx1-12. Specifically, the board stated that, although it disagreed with the administrative judge's reasoning, Mr. Brimer was, nevertheless, not entitled to corrective action under the VEOA. Appx2. The board relied on its previous decision in *Oram v. Dep't of the Navy,* No. DC-3330-17-0755-I-1, 2022 WL 3971523 at *5 (M.S.P.B. Aug. 31, 2022), that relied in turn on this Court's decision in *Kerner v. Dep't of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015); Appx6. The board reiterated *Oram*'s essential holding that "current Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f)(1)." *Id.* at 6. Thus, because Mr. Brimer "was already a Federal employee, 5 U.S.C. § 3304(f) was inapplicable to him regardless of whether the agency forwarded his application to the selecting official." Appx6. The board did not reach Mr. Brimer's arguments regarding "the agency's belated review of his application." *Id.*

## SUMMARY OF THE ARGUMENT

Although Mr. Brimer characterizes this Court's analysis in *Kerner* as "unclear," the *Kerner* Court's conclusion regarding § 3304 is anything but—"Congress did not intend for § 3304 to apply when a veteran or other preference-eligible applicant is already employed in federal civil service." *Kerner*, 778 F.3d at 1339. Mr. Brimer is already employed in the Federal civil service. Following *Kerner*, and its own subsequent decision in *Oram*, the board determined that § 3304 does not apply to Mr. Brimer, a veteran already employed in the Federal civil service seeking a merit promotion.

This Court's decision in *Kerner* provides a detailed analysis of the VEOA. After analyzing the text, structure, and legislative history of the VEOA, the *Kerner* Court determined that Congress intended the VEOA to assist "veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions." As such, the plaintiff in *Kerner*, a preference-eligible veteran seeking a merit promotion, was not an "intended target for § 3304(f)."

The MSPB's decision in *Oram* is a straightforward application of *Kerner*. Like *Kerner*, *Oram* addressed the VEOA's application to a preference-eligible veteran seeking a merit promotion. Facing similar circumstances, the board in *Oram* was required to apply the rationale of *Kerner*, binding precedent of this Court. And it did so—reiterating *Kerner*'s central conclusion that veterans

currently employed in a competitive service position are not the intended beneficiaries of section 3304(f). Despite Mr. Brimer's attempt to draw a clear line in the sand, *Oram* did not chart new ground. Indeed, both this Court and other Federal appellate courts have interpreted *Kerner* similarly. Thus, Mr. Brimer's call to overrule *Oram* amounts to a direct challenge to *Kerner* as well.

*Kerner* and *Oram* were correctly decided, and Mr. Brimer offers no compelling reason to revisit those decisions here. But even if it were so inclined, this Court may not overturn *Kerner* here. As Mr. Brimer himself recognizes, this panel is bound to follow its earlier precedential opinion in *Kerner*.

Further, even if the Court were permitted to revisit *Kerner* (and in turn, *Oram*), it need not do so here. *First*, Mr. Brimer was afforded the opportunity to compete for the vacancy in accord with Section 3304(f). Indeed, he applied for the vacancy at issue. And Mr. Brimer was evaluated on the same footing as other candidates, albeit belatedly. *Second*, regardless of the merits of Mr. Brimer's arguments, he cannot show that any alleged violation of the VEOA resulted in harm. Both the eventual selectee *and* Mr. Brimer were *both* VEOA eligible, 10-point veteran preference candidates for the merit promotion at issue. However, the selectee received the highest evaluation from the recruiter. Thus, even if the Navy had not erred and had referred Mr. Brimer's application from the outset, the Navy would still have selected the higher rated candidate who was also entitled to the

same alleged protections under the VEOA, not Mr. Brimer.

Despite Mr. Brimer's arguments to the contrary, the law post-*Kerner* is clear—Section 3304 does not apply to federally employed veterans seeking a merit promotion. Neither Mr. Brimer's arguments nor the facts of this case support his attempt to convince the Court to revisit *Kerner* here. As such, this Court should affirm.

## ARGUMENT

### I. Standard Of Review

The scope of this Court's review of MSPB decisions is narrowly defined and limited by statute. 5 U.S.C. § 7703(c); *see also Carr v. Soc. Sec. Admin.,* 185 F.3d 1318, 1321 (Fed. Cir. 1999); *O'Neill v. Office of Personnel Mgmt.,* 76 F.3d 363, 364-65 (Fed. Cir. 1996). This Court must affirm a decision of the board unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see, e.g., Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1483 (Fed. Cir. 1998).

"Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal quotation marks and citations omitted). "The

standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Parker v. United States Postal Service*, 819 F.2d 1113, 1115 (Fed. Cir. 1987). If the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," the decision must be affirmed. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1096 (Ct. Cl. 1981), *cert. denied*, 454 U.S. 1144 (1982) (cleaned up).

The petitioner bears the burden of establishing error. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

## II. The Board Correctly Applied *Kerner's* Conclusion That Section 3304(f) Does Not Apply To Internal Veteran Candidates Seeking A Merit Promotion

### A. *Kerner* Recognized That Section 3304(f)(1) Does Not Cover Veterans That Are Already Federal Civil Service Employees

Despite Mr. Brimer's attempt to hand-waive away this Court's analysis in *Kerner* as mere "remarks," Pet. Br. at 26; *see also* Pet. Br. at 27 (characterizing "statements in *Kerner* regarding the legislative history of § 3304(f)" "as unclear in isolation"), the Court's examination of the text, structure, and legislative history of the VEOA were central to its holding. In *Kerner*, the Court explained that the petitioners' argument hinged upon an assumption that § 3304(f)'s opportunity to compete provision applied to merit-promotion vacancies accepting applicants from outside the agency's workforce, "even when the applicant is already employed in

the federal civil service." *Id.* at 1338. The Court went on to analyze and reject this assumption.

Kerner was a veteran GS-5 employee with the Department of the Interior (DOI). *Kerner*, 778 F.3d at 1337; Pet. Br. at 25. He applied to two Wildlife Inspector positions, merit promotion vacancies within DOI. *Id.* at 1337. His application was denied because he did not meet the position's requisite TIG requirements. *Kerner* 778 F.3d at 1337; Pet. Br. at 25. Before the board, Kerner argued that DOI had violated § 3304(f) by failing to credit his non-federal civil service experience under § 3311 when determining whether he met the TIG requirements. *Id.* at 1337-1338.

After reviewing the text and legislative history of the VEOA and its precursor, the VPA, the Federal Circuit determined that neither the language of the VEOA, its legislative history, or case law concerning the VPA supported plaintiff's assumption that § 3304's "opportunity to compete" provision applied when a veteran was already employed in the federal civil service. Discussing the statutory language of the VEOA, the Court stated that "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions." *Id.* at 1338. The Court further explained that the legislative history of the VEOA "confirm[ed] that Congress did not intend for § 3304 to apply when a veteran or other preference-

eligible applicant is already employed in federal civil service." *Id.* at 1339. The Court also reasoned that veterans currently employed in a competitive-service position are already "eligible to apply" to merit promotion vacancies, and thus such applicants could not have been the intended beneficiaries of § 3304(f). *Id.* at 1338. Thus, *Kerner* explicitly addressed whether Congress intended for § 3304's opportunity-to-compete provision to apply to preference-eligible internal candidates seeking a merit promotion. It determined that Congress did not.

Thus, contrary to Mr. Brimer's argument, § 3304(f) was front-and-center in *Kerner,* as it addressed Kerner's "argument that the [DOI] violated his VEOA rights under Section 3304(f)." *Id.* at 1338-1339. Mr. Brimer's argument that *Kerner* did not specifically address § 3304(f) wholly ignores *Kerner*'s analysis of both "[t]he text of the VEOA" (including the title of the Act itself) and its legislative history.[3] Although *Kerner* involved both § 3311 and § 3304(f), the Court did not equivocate: "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotion." *Kerner*, at 1338; *see id.* at 1339 ("The legislative history of the VEOA confirms that Congress did not intend for § 3304 to apply when a veteran or other preference-eligible applicant is already employed

[3] Indeed, Mr. Brimer admits that "*Kerner* looked at the text and history of the VEOA. . . ." Pet. Br. at 31.

in federal civil service.”). Moreover, the Court specifically addressed § 3304(f)(4)’s application to veterans already employed by the competitive service, reasoning that because such veterans were already ‘eligible to apply’ to merit-promotion vacancies, and thus [veterans already employed by the competitive service” cannot be the intended target for § 3304(f).” *Id.* at 1338. Thus, *Kerner’s* VEOA analysis provided a clear roadmap to lower tribunals, including the MSPB.

### B. In *Oram*, The Board Appropriately Applied *Kerner*

The board appropriately applied *Kerner* in *Oram*, a case that presented substantively indistinguishable facts from those presented in *Kerner.* *Oram* involved a veteran civilian employee of the Department of the Navy who sought a merit promotion position within the Navy. *See Oram v. Dep’t of the Navy*, 2022 WL 3971523, at *1. The Navy had announced that it would accept applications from outside of its own workforce. *Id.* Navy rules required that employees must have worked in their current position for at least 90 days prior to promotion. *Id.* Because Mr. Oram had not yet been employed in his current position for at least 90 days, he was not considered for the vacancy. Like the petitioner in *Kerner,* Mr. Oram also challenged the Navy’s determination under § 3304’s opportunity to compete provision. *Oram*, 2022 WL 3971523, at **2-3. Thus, both *Kerner* and *Oram* involved a veteran Federal employee seeking a merit promotion from within the agency they were already employed.

In light of the overlap between both the facts and issues presented, the board naturally turned to *Kerner*. The board recognized that *Kerner* "addressed the broader question of whether Congress intended section 3304's opportunity-to-compete provision to apply to preference-eligible applicants who are already employed in the Federal civil service, and concluded that, . . . it did not." *Id.* at 8. The board also explained that this conclusion and the surrounding analysis concerning the language and legislative history of the VEOA (which the board in Oram retraced in detail (*see Oram*, 2022 WL 3971523, at *5) "cannot be dismissed as mere dicta and must have been intended as essential to the central holding of the case."

Applying *Kerner*, the board concluded that "given the appellant's undisputed status as a current Federal employee, appellant was not entitled to recovery on his claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f) as a matter of law." 2022 WL 3971523 at *9. The board also overruled its prior decisions that conflicted with *Kerner*. *Id.* (overruling *Jolley v. Dep't of Homeland Security*, 105 M.S.P.R 104 (2007); *Styslinger v. Dep't of the Army*, 104 M.S.P.R. 223, § 32 (2007); *Gingery v. Dep't of Veterans Affs*., 114 M.S.P.R. 175 (2010); and *Shapley v. Dep't of Homeland Security,* 110 M.S.P.R. (2008); *see* Pet. Br. at 28, n.2; *see also* Pet. Br. at 20-22 (citing these cases to support its argument that *Oram* was improperly decided).

*Kerner* is the controlling precedent of this Court. In *Oram*, the board simply applied the unambiguous teachings of this Court regarding the VEOA. Indeed, given the degree of similarity between the facts in *Kerner* and the facts in *Oram*, and issues presented, the board was bound by binding precedent to decide *Oram* as it did.

### C. Other Courts Have Interpreted *Kerner* In The Same Way As The Board In *Oram*

Despite Mr. Brimer's argument that the board "took *Kerner* too far," Pet. Br. at 29, this Court has recently cited *Kerner* for its conclusion that the VEOA was not intended to aid veterans seeking merit promotions. For example, in *Bumgardner v. Department of the Navy*, No. 2023-1713, 2024 WL 2129347, *3 (Fed. Cir. May 13, 2024), this Court again recognized that the VEOA applies differently in the "context of competitive-service selection between veteran-preference benefits during initial appointment to the competitive service and subsequent transfer or promotion." Elaborating on that distinction, the Court quoted *Kerner*'s analysis of the VEOA's legislative history. *Id.* ("We also said that '[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions.'") (quoting *Kerner*, 778 F.3d 1336, 1338 (Fed. Cir. 2015)). And at least one other appellate court has also cited *Kerner* to support similar propositions. *See Henderson v. Shulkin*, 720 F. App'x 776, 784, n.1 (7th Cir. Dec.

22, 2017) (citing *Kerner* for the proposition that "[t]he Veteran's Preference Act only applies to initial hires into the federal government, not to promotions".).

Mr. Brimer's reliance on pre-*Kerner* case law is unavailing. Mr. Brimer's citation to four pre-*Oram* MSPB decisions is irrelevant in light of this Court's binding precedent in *Kerner* and the board's *Oram* decision, which explicitly overruled those cases.

## III. The Court Should Reject Mr. Brimer's Invitation To Overrule *Kerner*

### A. A Panel Of This Court Cannot Overrule *Kerner*

This Court "has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *en banc.*" *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988); *Metzinger v. Dep't of Veterans Affairs*, 20 F.4th 778, 781 (Fed. Cir. 2021). *Kerner* is binding precedent of this Court, and a panel decision of this Court is therefore bound to follow it. *See Newell*, 864 F.2d at 765. As such, this Court must reject Mr. Brimer's invitation to overrule *Kerner.*

### B. *Kerner* Is Not Inconsistent With The Court's Prior Decisions in *Joseph v. FTC* or *Lazaro v. Department Of Veterans Affairs*

Indeed, Mr. Brimer seems to understand that a panel of this Court cannot overturn *Kerner*. *See* Pet. Br. at 32. But Mr. Brimer attempts to avoid this consequence by arguing that *Kerner* conflicts with this Court's precedent in *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380 (Fed. Cir. 2007 and *Lazaro v. Dep't of*

*Veterans Affairs*, 666 F.3d 1316 (Fed. Cir. 2012). *See* Pet. Br. at 32-33. However, there is no direct conflict between *Kerner* and these cases, as Mr. Brimer appears to concede. Pet. Br. at 26 ("[T]he ultimate holding of *Kerner* can be consistent with *Joseph*, *Lynch*, and *Lazaro.*").

While *Kerner* directly addressed the application of the opportunity to compete provision of 5 U.S.C. § 3304(f), this Court's decision in *Lazaro v. Dep't of Veterans Affairs* addressed a different question. 666 F.3d at 1316. In *Lazaro*, the veteran plaintiff applied for an IT specialist position with the Veterans Administration (VA). *Id.* at 1317. Mr. Lazaro relied upon both his prior experience in the Federal service and his education to meet the experience qualifications for the position. *Id.* The VA rejected plaintiff's application based on Mr. Lazaro's alleged failure to meet the specialized experience requirements for the position. *Id.* at 1317.

Mr. Lazaro challenged that determination under the VEOA, arguing that "given his veteran's preference eligibility, the VA was required to consider those experiences specified in 5 C.F.R. § 302.302(d)(2011), a regulation implementing the law of veteran's preference." *Id.* The board determined that it lacked jurisdiction over Mr. Lazaro's challenge because it challenged the merits of his non-selection. *Id.* Thus, unlike *Kerner, Lazaro* involved an examination of the board's jurisdiction to assess a veteran plaintiff's qualifications under 5 C.F.R. §

302.302(d)(2011). Indeed, this Court stressed "[i]t is important to keep in mind that [*Lazaro*] was decided on jurisdictional grounds." The Court subsequently determined that the board had erred in finding a lack of jurisdiction, explaining that the board was required to review whether the plaintiff's veterans' preference rights had been violated, and this necessarily required an examination of the merits of the agency's decision. *Id.* In contrast, the board in *Kerner* "determined that Mr. Kerner's VEOA rights were not violated." *Kerner,* 778 F.3d 1337. Moreover, *Lazaro*, unlike *Kerner* never cites, let alone addresses, Section 3304(f). In sum, while *Kerner* dealt with the right to compete under § 3304(f), *Lazaro* addressed the board's jurisdiction to review a plaintiff's qualifications under 5 C.F.R. § 302.302 and the types of experience that must be considered. *Id.* at 1318-1319.

Similarly, *Joseph v. FTC* does not directly conflict with *Kerner*. 505 F.3d at 1380. In *Joseph*, a veteran employed by another federal agency sought a paralegal position with the Federal Trade Commission (FTC). *Id.* at 1382. The FTC's job posting for the position indicated that the agency would consider applicants under both merit promotion and open competitive procedures, and indicated that applicants could be considered under both procedures. *Id.* Plaintiff, a veteran employed by another federal agency applied for the position and requested to be considered under both procedures. The plaintiff was ranked first among the open competitive candidates, "a ranking that reflected a ten point veterans' preference."

*Id.* The FTC decided to hire from the merit promotion list, and plaintiff was not selected for the position. *Id.* Plaintiff challenged the determination under 5 USC § 3330(a)(1) as violating his preference rights. The board explained that the plaintiff was not entitled to a veterans' preference under merit promotion procedures, and thus denied his complaint. *Id.* at 1382-1383.

On appeal, the plaintiff challenged that the FTC's selection from the merit promotion list after having conducted the open competition process violated his preference rights. *Id.* The Court first explained that plaintiff was not entitled to a veterans' preference in the context of a merit promotion procedure. *Id.* Thus, *Joseph*, like *Kerner,* is in accord that the VEOA does not provide veterans with preference in a merit promotion process. The Court next addressed whether the VEOA or any other regulation prevented the FTC from employing a merit promotion process rather than the open competitive process under which plaintiff would have received a preference. *Id.* at 1373-74. The Court held that there was no such restriction and that the FTC was entitled to use the selection process of its choosing. *Id.* at 1384. The Court further explained that the FTC's "selecti[on of] another applicant under its merit promotion process" did not violate plaintiff's right to compete. *Id.* at 1385. However, the Court in *Joseph* only assumes that such a right might apply. Thus, to the extent *Joseph* supports such a right, it does so only by inference rather than a direct conflict between *Joseph* and *Kerner.* *See*

*General Protecht Group, Inc. v. Leviton Mfg. Co*., 651 F.3d 1355, 1363 (Fed. Cir. 2011) (rejecting existence of a direct conflict based on "negative inference" did not constitute a "direct conflict of panel opinions as is necessary to invoke this Court's rule of precedence"); *Newell Cos.*, 864 F.2d at 765 ("Decisions may not conflict even if all comments in the decisions considered here are not completely harmonious.") (cleaned up).

## IV. **Mr. Brimer Was Afforded The Opportunity To Compete**

Even if the fact that Mr. Brimer was already a Federal civilian employee at the time he applied for the merit promotion is not dispositive of his VEOA claim, the Court should affirm because he was afforded an opportunity to compete. *See, e.g., Williams v. Dep't of the Navy*, 2023-1010; 2023 WL 3373578, *2 (Fed. Cir. May 11, 2023) ("The Navy did not deny Mr. Williams the right to compete for the [position]. He had the opportunity to apply for the position, and the Navy considered his application."); *see also Miller v. Fed. Deposit Ins. Corp.*, 121 M.S.P.R. 88, 95-96 (2014) (The "relevant question is only whether [plaintiff] was permitted to compete for the position on the same basis as other candidates"), *aff'd,* 818 F.3d 1357 (Fed. Cir. 2016). This Court has determined that "[w]hen applying under merit promotion procedures . . a preference eligible veteran does not receive any additional advantage beyond the ability to apply." *Miller*, 818 F.3d at 1359-60. Here, Mr. Brimer applied to the merit promotion vacancy. That should end the

inquiry.

The Court's decision in *Trimble v. Dep't of Veterans Affairs* is illustrative. 2023-1306, 2023 WL 4287195 (Fed. Cir. June 30, 2023). *Trimble* involved a preference-eligible veteran seeking a merit promotion vacancy. *Id.* at *1. The job posting sought applications from existing Federal employees or those who had status to apply (i.e., a veteran). *Id.* The Court affirmed the board's determination that the plaintiff had been afforded the opportunity to compete based on evidence demonstrating that Ms. Trimble had been afforded the opportunity to compete because (1) the agency publicly advertised the position; (2) Ms. Trimble applied for the position, and (3) Ms. Trimble's application was referred to the selecting officials. *Id.* at *3. Here, Mr. Brimer was afforded the same treatment. The Navy publicly advertised the position. Mr. Brimer applied. And although Mr. Brimer's application was initially disqualified, his application was later evaluated in the same manner as other candidates. *E.g.,* Appx96; Appx91.

Regardless of the Navy's error, Mr. Brimer was evaluated on the same footing as all other candidates. Based on this evaluation, he was not referred to the hiring manager. Mr. Brimer's argument that he could have been interviewed or selected based on his score alone are incorrect. *See, e.g.,* Pet. Br. at 8. At the outset, Mr. Brimer's score was generated based only on the responses that he himself provided to the Occupational Questionnaire. *See* Appx101; Appx106-110.

As part of the evaluation, the recruiter subsequently compared Mr. Brimer's responses to his resume, and determined that Mr. Brimer's resume neither equated to Mr. Brimer's responses to the Occupational Questionnaire, nor demonstrate the requisite level of experience in several categories of qualifications essential to the position. *See* Appx96; Appx101. The recruiter therefore determined that Mr. Brimer was not among the most highly qualified candidates for the position. Appx96. As such, Mr. Brimer was not referred, and would not have been referred even if the Navy had not erred, regardless of his rating. For this reason alone, Mr. Brimer's claim must fail. *See Thomas v. Dep't of Labor*, 685 Fed. Appx. 903, 903 (Fed. Cir. 2017) ("The United States Court of Appeals for the Federal Circuit has consistently found that the VEOA has not been violated where the preference-eligible veteran was not qualified for the position."). Mr. Brimer fails to identify any underlying statute or regulation that was violated when the Navy erred by failing to refer his application. *See Miller*, 818 F.3d 1357 at 1360 ("Non-selection for a position is not an appealable action unless certain statutory violations are at issue."); *see also id.* at 1361 (approving of board's holding "that non-selection due to personal animus or reprisal for lawsuits, even if substantiated, does not establish a violation of veteran's preference rights"); *Jolley v. Dep't of Hous. & Urb. Dev.,* 2022-2303, 2023 WL 8467510, at *2 (Fed. Cir. Dec. 7, 2023) (rejecting argument that job posting violated his opportunity to compete in the absence of violation of

statute or regulation); 5 U.S.C. § 3304(f)(3) (stating that "the opportunity to compete" provision "shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law"). Furthermore, the Navy eventually corrected its mistake and reevaluated Mr. Brimer's application. Although Mr. Brimer may disagree with the results of that evaluation, the record thus establishes that Mr. Brimer was afforded the opportunity to compete under 5 U.S.C. § 3304(f) as a matter of law.

Moreover, Mr. Brimer's status as a veteran was essentially irrelevant here. There is no evidence that the Navy's mistake was related to Mr. Brimer's status as a veteran. Rather, the Navy's mistake was a clerical error concerning Mr. Brimer's *civilian* employment. The same mistake could have just as easily happened to a civilian, and did not relate in any way relate to Mr. Brimer's prior military service.

To the extent that Mr. Brimer asserts that further adjudication before the board is necessary to determine the merits of his application or whether he was entitled to an interview (*see, e.g.,* Pet. Br. at 8, 23), he is mistaken. "It is not up to the MSPB, in a VEOA case, to decide which of the applicants are most qualified for th[e] position." *Trimble*, 2023 WL 4287195 at **3 (citing *Miller*, 818 F.3d at 1366 ("[T]he VEOA does not authorize the MSPB to conduct, on appeal, a substantive review of the veteran's qualifications and adjudicate the correctness of the agency's hiring decision."). Nor was the Navy required to ultimately hire Mr.

Brimer or any other preference eligible veteran. *Joseph*, 505 F.3d at 1384. Because Mr. Brimer was afforded the opportunity to compete, no remand is necessary.

## V. The Navy's Alleged Violation Of The VEOA Did Not Harm Mr. Brimer

Regardless of the merits of Mr. Brimer's arguments, Mr. Brimer cannot demonstrate that he was harmed by any alleged violations of the VEOA. Mr. Brimer cannot show that he would have received the promotion even absent the Navy's mistake. The eventual selectee, Mr. Woods, and Mr. Brimer were similarly situated with respect to the VEOA—both were VEOA eligible, 10-point veteran preference candidates for the merit promotion at issue. Mr. Woods also received the highest evaluation score of any candidate. Appx88. . Thus, even if Mr. Brimer is correct that § 3304(f) of the VEOA applies to veteran applicants that are current Federal civilian employees there is no evidence that Mr. Brimer would have been selected over Mr. Woods, notwithstanding the Navy's initial error, nor could the Board have made such a finding. *See Bumgardner* 22024 WL 2129347 at **1-2 (finding that agency's determination to promote a "better candidate" did not violate the plaintiff's preference rights). As such, Mr. Brimer cannot show that the alleged VEOA violation resulted in any prejudice.

## **CONCLUSION**

For these reasons, the Court affirm the decision of the Merit Systems Protection Board.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ *Franklin E. White*
FRANKLIN E. WHITE
Assistant Director

/s/ *Stephen J. Smith*
STEPHEN J. SMITH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-0546
Facsimile: (202) 353-0461

July 18, 2024

Attorneys for Respondent

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Circuit Rule 28(a)(12), Federal Circuit Rule 32(b)(1), and Federal Rule of Appellate Procedure 32(g)(1), I certify under penalty of perjury that the attached brief is proportionately spaced using Microsoft Word, uses a Times New Roman typeface in 14-point font size, and contains 5804 words.

/s/ Stephen J. Smith
STEPHEN J. SMITH