**2024-1388**

---

**IN THE**
# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

David Scott Brimer,

*Petitioner*,

v.

Department of the Navy,

*Respondent*.

---

**Petition for Review from the Merit Systems Protection Board in Case No. AT-3330-21-0119-I-1**

---

# REPLY BRIEF OF PETITIONER DAVID SCOTT BRIMER

---

Daniel C. Cooley
J. Derek McCorquindale
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Telephone: (571) 203-2700

Jason L. Romrell
Alexander E. Harding
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Petitioner David S. Brimer*

September 6, 2024

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

# CERTIFICATE OF INTEREST

**Case Number:** 2024-1388

**Short Case Caption:** Brimer v. Navy

**Filing Party/Entity:** David Scott Brimer

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: September 6, 2024 Signature: /s/Daniel C. Cooley

Name: Daniel C. Cooley

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☒ None/Not Applicable |
| David Scott Brimer | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this **court** for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☒ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☒ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT .......... i

I. Introduction .......... 1

II. Respondent Asserts That *Kerner* Is Controlling But Does Not Substantively Dispute the Construction of § 3304(f) .......... 1

III. Other Courts Have Not Treated *Kerner* Like *Oram* .......... 4

IV. Mr. Brimer Was Never Afforded the Opportunity To Compete—and the Board Declined To Follow the Administrative Judge on That Very Point .......... 6

A. The Navy Conceded That It "Dropped the Ball," and It Did Not Consider Mr. Brimer's Application Until the Position Had Been Offered to Another Applicant .......... 7

B. Respondent Incorrectly Suggests That Mr. Brimer Would Not Have Been Selected Because He Did Not "Receive[] the Highest Evaluation" .......... 10

V. Conclusion .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kerner v. Dep't of the Interior*, 778 F.3d 1336, 1338 (Fed. Cir. 2015).....2, 3, 4, 5, 6

*Bumgardner v. Dep't of the Navy*, No. 2023-1713, 2024 WL 2129347 (Fed. Cir. May 13, 2024) ....4, 5

*Henderson v. Shulkin*, 720 F. App'x 776 (7th Cir. Dec. 22, 2017) ....4, 5, 6

*Oram v. Dep't of the Navy*, No. DC-3330-17-0755-I-1, 2022 WL 3971523 (M.S.P.B. Aug. 31, 2022) ....5

*Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138 (Fed. Cir. 1986) ....7

*Trimble v. Dep't of Veterans Affs.*, No. 2023-1306, 2023 WL 4287195 (Fed. Cir. June 30, 2023) ....7, 8

*Williams v. Dep't of the Navy*, No. 2023-1010, 2023 WL 3373578 (Fed. Cir. May 11, 2023) ....8, 9

*Miller v. Fed. Deposit Ins. Corp.*, 818 F.3d 1357 (Fed. Cir. 2016)....9

*Joseph v. F.T.C.*, No. DC-3443-05-0141-I-1, 2006 WL 3044418 (M.S.P.B. Oct. 24, 2006), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007)....10, 11

**Statute**

5 U.S.C. § 3304(f)....1

5 U.S.C. § 3304(f)(1) ....2

5 U.S.C. § 3304(g)(4)....2

5 U.S.C. § 3304(d) ....2

5 U.S.C. § 7703(c) ....7

**Legislative Materials**

The Veterans' Employment Opportunities Act: Hearings on S. 1021 Before the Committee on Veterans' Affairs, 105th Cong. 5-7 (1998) .......... 3

H.R. Rep. No. 105-40(I), at 2 (1997) .......... 3

## I. Introduction

Respondent's brief intermittently quotes *Kerner*, but it fails to grapple with the arguments and statutory analysis presented by Mr. Brimer in his opening brief. In essence, Respondent retraces *Oram*'s steps—stating that because *Kerner* remarked about the legislative history of the VEOA and 38 U.S.C. § 3304(f), it broadly forecloses federally employed veterans from asserting their right to compete, regardless of the correct interpretation of the statute.

Respondent never explains *why*, for example, it believes its reading of *Kerner* can be squared with the statutory language of 38 U.S.C. § 3304(f). Nor does Respondent analyze the legislative history of 38 U.S.C. § 3304(f). *See* Resp. Br., 27. Whether it is *Oram* or *Kerner* that requires clarification, the plain statutory language of § 3304(f) is controlling: its unqualified text applies to "veterans" whether presently employed or not. 38 U.S.C. § 3304(f). Respondent has presented no argument to the contrary.

## II. Respondent Asserts That *Kerner* Is Controlling But Does Not Substantively Dispute the Construction of § 3304(f)

Respondent makes the same mistake that the *Oram* court did in reading *Kerner*. It assumes that *Kerner* performed a baseline statutory construction of § 3304(f) as opposed to considering the interplay between § 3304(f) of the Veterans' Employment Opportunities Act (VEOA) and § 3311 of the Veterans' Preference Act (VPA) as they pertained to Mr. Kerner's circumstances. *See* Resp. Br., 11-16.

Respondent, like *Oram*, misses that *Kerner* analyzed § 3311 of the VPA through the lens of the VEOA's § 3304 to address the issue of *preferential treatment*, not the fundamental *right to compete*.

Respondent does not dispute—nor could it—that the plain language of § 3304(f) protects the "opportunity to compete" of "veterans" who are applying to "vacant positions . . . under merit promotion procedures." 5 U.S.C. § 3304(f)(1). Section 3304(f)(1) simply states that "veterans . . . may not be denied the opportunity to compete for vacant positions." *Id*. The text includes no qualification regarding the employment status of the veterans. Other provisions of § 3304 show that when Congress wanted to account for civil employment status or history, it did so expressly. *See, e.g.*, 5 U.S.C. § 3304(g)(4) (defining the advancement eligibilities of "a former employee of the Department"); 5 U.S.C. § 3304(d) (referring to "experience of an individual in a position other than the competitive service, such as . . . in the legislative or judicial branch, or in any private or nonprofit enterprise"). Respondent addresses none of the statutory language.

Respondent's brief pins itself to a quote from *Kerner* that "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotion." Resp. Br., 13 (quoting *Kerner v. Dep't of the Interior*, 778 F.3d 1336, 1338 (Fed. Cir. 2015)). Yet Respondent does not address a single line of the legislative history that was

discussed at length in Mr. Brimer's opening brief. *See, e.g.*, Pet. Br., 17-20. Respondent cannot explain why its interpretation of the statute eliminates the statute drafter's example of a veteran who the statute was intended to benefit. *See* The Veterans' Emp. Opportunities Act: Hearings on S. 1021 Before the Comm. on Veterans' Affairs, 105th Cong. 5-7 (1998) (statement of Rep. Mica discussing a veteran in need of the protections afforded by the VEOA who was "a temporary employee of a Federal agency for 18 years"). Nor can Respondent explain why prior versions of the statute did include limitations on employment status, but they were removed (H.R. Rep. No. 105-40(I), at 2 (1997)), nor why other commenters during the legislative process directly stated that "[s]ection 2 . . . will greatly assist many highly qualified veterans . . . *already in the federal workforce* to apply for and to compete for federal jobs and positions" (S. 1021 at 71 (statement of Sidney Daniels, Deputy Dir., Nat'l Legis. Serv., Veterans of Foreign Wars of the U.S.) (emphasis added)).

Rather than grapple with the text of the statute or its legislative history, Respondent relies on conclusory assertions that this Court in *Kerner* "review[ed] . . . the language of the VEOA" and states that "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions." Resp. Br., 12 (*citing Kerner*, 778 F.3d at 1338). Respondent sidesteps the main point: *Kerner* was not construing the

statute to read employment qualifications into 5 U.S.C. § 3304(f)(1), eliminating a veteran's right to compete contrary to its founding purpose. Rather, *Kerner* analyzed § 3311 through the VEOA's § 3304 to address the issue of *preferential treatment*.

*Kerner's* key statement shows that it was focused on veteran's preference: "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, *not to give veterans preference* in merit promotions." *Kerner*, 778 F.3d at 1338 (emphasis added). *Kerner* continued by noting that "§ 2 of the VEOA, which amended § 3304(f), is titled 'Access for Veterans,' showing that the VEOA is intended to help veterans gain access to federal employment, *not preferential treatment* in promotion decisions." *Id.* (emphasis added). These statements were relevant to Mr. Kerner, who sought to graft the veteran's preference provisions from § 3311 of the VPA onto § 3304 of the VEOA. This Court in *Kerner* correctly rejected this interpretation. But that question is not relevant to Mr. Brimer, who merely seeks protection under the baseline "opportunity to compete for vacant positions" of § 3304 granted by its plain language. *Kerner* does not eliminate this right. And cases like *Oram* that have read it to do so require correction.

## III. Other Courts Have Not Treated *Kerner* Like *Oram*

Respondent also cites to *Bumgardner v. Department of the Navy* and *Henderson v. Shulkin* as examples of this Court and other courts "interpret[ing]

*Kerner* in the same way as the Board in *Oram*." *See* Resp. Br., 16-17 (citing No. 2023-1713, 2024 WL 2129347 at *3 (Fed. Cir. May 13, 2024); 720 F. App'x 776, 784, n.1 (7th Cir. Dec. 22, 2017)). Neither decision is reported, and neither is an example of a court interpreting *Kerner* the same way *Oram* did. Neither decision broadly held, as *Oram* did, that § 3304 of the VEOA never applies to federally employed veterans in any circumstances. *See Oram v. Dep't of the Navy*, No. DC-3330-17-0755-I-1, 2022 WL 3971523 at *5 (M.S.P.B. Aug. 31, 2022) (quoting *Kerner*, 778 F.3d at 1339). Nor did these decisions rely, as *Oram* again did, on *Kerner*'s lone unqualified statement that the VEOA was not intended to apply to presently employed veterans. *Id.* ("Congress did not intend for [section] 3304 to apply when a veteran or other preference-eligible applicant is already employed in federal civil service." (alteration in original)).

In *Bumgardner*, this Court cited the portion of *Kerner* that Mr. Brimer *agreed with* in his opening brief—that the VEOA was not intended to give *advantages* over other applicants to veterans employed in the federal civil service. *Bumgardner*, 2024 WL 3971523 at *2-3 *see also* Pet. Br., 29-31. *Bumgardner* involved a question as to whether "veteran-preference benefits apply differently to informal and external preference-eligible veteran candidates vying for the same." *Bumgardner*, 2024 WL 2129347 at *3 (quoting *Kerner*, 778 F.3d at 1338) ("[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service

employment, not to give veterans preference in merit promotions."). As Mr. Brimer already explained, this *is the correct interpretation of Kerner*: that veterans' *preference* rights—distinct from the opportunity to compete at all without preference—do not flow from the VPA through the VEOA to federally employed veterans. *See* Pet. Br., 29-31.

*Henderson* does not mention the VEOA and is likewise irrelevant. The Seventh Circuit cited *Kerner* exclusively for its relevance to the *VPA*, which has nothing to do with this appeal. *Henderson*, 720 F. App' x at 784, f.n. 1 (citing *Kerner*, 778 F.3d at 1338) ("The [VPA] only applies to initial hires into the federal government, not to promotions."). Mr. Brimer does not dispute the applicability of the VPA to merit promotions. This case is solely about whether § 3304 of the *VEOA* is available to veterans employed in the federal civil service. *See* Pet. Br., 12-27. Simply put, there are no cases following *Oram*'s misreading of *Kerner*.

## IV. Mr. Brimer Was Never Afforded the Opportunity To Compete—and the Board Declined To Follow the Administrative Judge on That Very Point

The Board was unwilling to rely on the Navy's *post-hoc* justification for Mr. Brimer's denial. Below, the administrative judge had initially concluded that the Navy did not violate Mr. Brimer's right to compete because "the undisputed record supports a finding that the appellant was ultimately granted the right to compete for this vacancy after initial missteps in handling his application." Appx5-6. However,

the Board found that "we disagree with the administrative judge's reasoning for denying corrective action." Appx6. The Board's rejection of the administrative judge's conclusion is supported by substantial evidence. *See Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed. Cir. 1986) (citing 5 U.S.C. § 7703(c)).

### A. The Navy Conceded That It "Dropped the Ball," and It Did Not Consider Mr. Brimer's Application Until the Position Had Been Offered to Another Applicant

Respondent attempts to rewrite history, stating that Mr. Brimer "was afforded an opportunity to compete." Resp. Br., 21. Although it is undisputed that "[Mr. Brimer's] application was not referred to the hiring official" because of a "mistake[]," Appx2-3, Respondent asserts that Mr. Brimer was nonetheless allowed to "compete" because his application "was *later* evaluated in the same manner as other candidates." Resp. Br., 22 (emphasis added). But Respondent omits a key fact about this "same manner" evaluation: Mr. Brimer's application was evaluated weeks later in a *post-hoc* review after the Navy had already offered the position to another applicant. *See* Appx2-3; Appx192; Appx224. Put differently, Respondent asks this Court to hold that Mr. Brimer was allowed to "compete" in a race by running laps around an empty track after the medals had been awarded and the crowd had gone home.

Respondent cites *Trimble v. Department of Veterans Affairs* as illustrative, but the applicant there was treated differently than Mr. Brimer. Resp. Br., 22 (citing No.

2023-1306, 2023 WL 4287195 at *2 (Fed. Cir. June 30, 2023)). Specifically, "[t]he Board found that Ms. Trimble had the opportunity to compete because the agency publicly advertised the Executive Assistant position, Ms. Trimble applied for the position, *and her application was referred to the selecting officials for consideration*." *Id*. at *3 (emphasis added). This distinction alone is dispositive—Mr. Brimer's application "was ***not*** referred to the hiring official." Appx2-3 (emphasis added).

Further illustrating the difference between *Trimble* and Mr. Brimer's case, Ms. Trimble received "emails . . . confirming that her application was received and that she qualified as an applicant" and there was an "email to the selecting officials with the attached certificates, on which Ms. Trimble was listed as a candidate to consider." *Trimble*, 2023 WL 4287195 at *3. Additionally, Ms. Trimble "remained in competition past the initial narrowing round and into the pre-interview stage because she was listed as a 'maybe' on one of the selecting official's interview lists." *Id*. None of this occurred for Mr. Brimer. *Trimble* does not support Respondent's position here.

Respondent relies on *Williams v. Department of the Navy* as an example of a case in which a VEOA claimant "was afforded an opportunity to compete." Resp. Br., 21 (citing No. 2023-1010, 2023 WL 3373578 (Fed. Cir. May 11, 2023)). But in *Williams*, "the Navy considered [the claimant's] application." *Williams*, 2023 WL

3373578 at *2. In this case, the Navy *did not* consider Mr. Brimer's application until it had already offered the position to another applicant.

Respondent further relies on *Miller v. Federal Deposit Insurance Corporation* for the proposition that "a preference eligible veteran does not receive any additional advantage beyond the ability to apply." Resp. Br., 21 (citing 818 F.3d 1357, 1358 (Fed. Cir. 2016)). But in *Miller*, the claimant both applied and was interviewed for a vacancy that was eventually cancelled. *Miller*, 818 F.3d at 1358. In fact, *Miller* undermines Respondent's position as it states that "the opportunity to compete . . . is satisfied by participation in the selection process on the same grounds as other candidates." *Id.* at 1360. Here, Mr. Brimer was not allowed to participate in the selection process on the same grounds as other candidates.

Mr. Brimer's *post-hoc* review was doomed from the outset because another candidate had already been selected. *See* Appx192. And the record shows that the belated review procedure did nothing to cure the problem. In fact, delays caused the Department of Labor to email the Navy, stating "I need a response" and "the due date has passed," Appx93, and the Navy employee conceding in response, "I am afraid I dropped the ball on this." Appx92-93. Given the serial delays and errors committed by the agency, its *post-hoc* conclusion that Mr. Brimer was ineligible carries little weight. The Board's rejection of the *post-hoc* rationale is well supported by substantial record evidence.

### B. Respondent Incorrectly Suggests That Mr. Brimer Would Not Have Been Selected Because He Did Not "Receive[] the Highest Evaluation"

Respondent also argues that because Mr. Brimer did not receive the highest evaluator score, he would not have been selected for the vacancy. Resp. Br., 9 ("However, the selectee received the highest evaluation from the recruiter. Thus, even if the Navy had not erred and had referred Mr. Brimer's application from the outset, the Navy would still have selected the higher rated candidate who was also entitled to the same alleged protections under the VEOA, not Mr. Brimer."). This is incorrect.

The highest pre-interview score does not control who is ultimately selected for a vacancy; it controls who is selected for *consideration*. *See* Appx195. The highest set of scores are selected for consideration, and Mr. Brimer's score of 96 would have been within this range but for the Navy's error. *See* Appx193 ("The Appellant's initial rating of 96 was overridden based on his eligibility error"); Appx89, Appx193 (the several candidates selected for consideration had scores from 94-100). *Joseph v. F.T.C.*, which Mr. Brimer cited in his opening brief (*see* Pet. Br., 22), is an example of one such case where the candidate with the highest pre-interview score was not ultimately selected for a vacancy. *See* No. DC-3443-05-0141-I-1, 2006 WL 3044418 (M.S.P.B. Oct. 24, 2006), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007) ("[T]he appellant was assigned a numerical rating of 92 points, or 102

points with 10 points added for veterans' preference . . . . The eventual selectee, Cheryl Thomas, received a rating of 90.").

Thus, Respondent is wrong to argue that the Navy's failure to refer Mr. Brimer to the hiring official is somehow moot because the Navy's actual selectee had a slightly higher pre-interview score. Mr. Brimer, like the unnamed selectee in *Joseph*, could have interviewed better than the current selectee had he been given an opportunity to compete.

## V. Conclusion

For these reasons, this Court should reverse the decision below and find that the right to compete in 5 U.S.C. § 3304(f)(1) is not limited to veterans outside the federal service.

Respectfully submitted,

September 6, 2024

*<u>/s/Daniel C. Cooley</u>*
Daniel C. Cooley
J. Derek McCorquindale
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Telephone: (571) 203-2700

Jason L. Romrell
Alexander E. Harding
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000

*Attorneys for Petitioner David S. Brimer*

## CERTIFICATE OF COMPLIANCE

The foregoing brief complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

> The brief has been prepared using a proportionally spaced typeface and includes 2,565 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).

Dated: September 6, 2024

*/s/Daniel C. Cooley*
Daniel C. Cooley