# United States Court of Appeals for the Federal Circuit

---

**DAVID SCOTT BRIMER,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2024-1388

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-21-0119-I-1.

---

Decided: December 17, 2025

---

DANIEL COOLEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for petitioner. Also represented by J. DEREK MCCORQUINDALE; ALEXANDER EDISON HARDING, JASON LEE ROMRELL, Washington, DC.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by PATRICIA M. MCCARTHY, YAAKOV ROTH, FRANKLIN E. WHITE, JR.

---

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit Judges*.

STOLL, *Circuit Judge*.

David S. Brimer petitions for review of the Final Order of the Merit Systems Protection Board denying his request for corrective action under the Veterans Employment Opportunities Act of 1998. Because Mr. Brimer was a federal employee seeking a merit promotion, 5 U.S.C. § 3304(f)(1) does not apply to him and we affirm.

BACKGROUND

Mr. Brimer is a preference-eligible disabled veteran. Mr. Brimer was employed by the Naval Bureau of Medicine and Surgery as a GS-13 Supervisory Human Resources Specialist. While in that position, he applied for a merit promotion to a GS-14 Assistant Human Resources Officer position with the Naval Education and Training Command. The position Mr. Brimer applied to was open to "[c]urrent permanent employees, [Veterans Employment Opportunities Act of 1998 (VEOA)] eligibles, and DoD Military Spouse Preference (MSP) eligibles." J.A. 77. Mr. Brimer's application was not referred to the hiring official because the agency mistakenly believed that Mr. Brimer did not submit documents reflecting that he met the time-in-grade (TIG) requirement for the position. Mr. Brimer filed a VEOA complaint with the Department of Labor, Veterans' Employment and Training Service (VETS), on October 20, 2020. On October 22, 2020, the position was offered to another applicant. On November 18, 2020, nearly four weeks after the position was offered to someone else, the Navy received notice of Mr. Brimer's complaint, and identified the error made regarding Mr. Brimer's eligibility. The Navy reviewed Mr. Brimer's application and determined that Mr. Brimer was not among the most highly qualified candidates for the position. On December 2, 2020, VETS issued a letter closing

the file on Mr. Brimer's VEOA complaint and notified him of his appeal rights.

Mr. Brimer timely filed an appeal with the Merit Systems Protection Board, "alleg[ing] that the agency obstructed his right to compete for employment and violated his veterans' preference rights" under 5 U.S.C. § 3304(f)(1) (2017).[1] J.A. 3; J.A. 16. Subsection (f)(1) states:

> Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

5 U.S.C. § 3304(f)(1).

The administrative judge denied Mr. Brimer's request for corrective action under the VEOA, stating that while the agency initially erred in finding Mr. Brimer unqualified, this error "was corrected by a merit review of [Mr. Brimer]'s application." J.A. 18. Mr. Brimer filed a petition for Board review. The Board affirmed the initial decision, stating that while it disagreed with the administrative judge's reasoning, Mr. Brimer was not entitled to corrective action under the VEOA as a matter of law. Specifically, relying on *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), the Board held that Mr. Brimer was not entitled to any corrective action based on a denial of an opportunity to compete under § 3304(f)(1) because Mr. Brimer was already a federal employee, and

---

[1] The current version of 5 U.S.C. § 3304 was enacted in 2024 and the relevant provision in subsection (f)(1) is now in subsection (l)(1).

§ 3304(f) is inapplicable to veterans who are already employed by the federal government.

Mr. Brimer now petitions for judicial review of the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373 (Fed. Cir. 2019).

When filling vacancies, "[f]ederal agencies generally use two types of selection processes": "open competition and merit promotion." *Kerner*, 778 F.3d at 1337. "Open competition is used for employees seeking to join the competitive service." *Id.* (citing *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1381 (Fed. Cir. 2007)). "Merit promotion is 'used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service.'" *Id.* (quoting *Joseph*, 505 F.3d at 1381). It is undisputed that the vacancy at issue here was a merit-promotion vacancy.

On appeal, Mr. Brimer challenges the Board's holding that the opportunity to compete in § 3304(f) is inapplicable to veterans who are already employed by the federal government. In particular, Mr. Brimer argues that the Board misread this court's decision in *Kerner*. According to Mr. Brimer, *Kerner* only addressed whether an agency must consider a veteran's non-federal civil service experience under 5 U.S.C. § 3111 when giving a veteran an opportunity to compete under § 3304(f)(1). Pet. Br. 25. Mr. Brimer argues that *Kerner* focused on "whether *preferential treatment*—not the fundamental *right to compete*—

can flow from . . . § 3311 through § 3304 to federally employed veterans." *Id.* at 31.

After considering Mr. Brimer's arguments, we conclude that the Board properly interpreted *Kerner* as holding that § 3304(f) is inapplicable to federally employed veterans. In that case, Mr. Kerner was employed by the Department of the Interior and applied for two merit promotion vacancies. *Kerner*, 778 F.3d at 1337. Both positions required applicants to meet TIG requirements, and the Department of the Interior determined that Mr. Kerner did not meet either TIG requirement, and found him unqualified for both positions. *Id.* We affirmed the Board's denial of corrective action, concluding that because Mr. Kerner was already employed by the federal government, § 3304(f) was inapplicable to his case. *Id.* at 1338–39. To arrive at this holding, we interpreted § 3304(f) and expressly held that "[v]eterans already employed by the competitive service are already 'eligible to apply' to merit-promotion vacancies and thus cannot be the intended target for § 3304(f)." *Id.* at 1338 (quoting 5 U.S.C. § 3304(f)).

Mr. Brimer urges us to ignore this specific statement and others in *Kerner* regarding the inapplicability of § 3304 to veterans already employed by the federal government. According to Mr. Brimer, these statements are made in isolation and not meant to be binding on all federally employed veterans. Pet. Br. 26–27. We disagree. While *Kerner* involved both §§ 3311 and 3304(f), this court reached its ultimate holding in the case by limiting § 3304(f) to veterans who are not already employed by the federal government. Citing the title of the VEOA, the title of § 2 of the VEOA (which amended § 3304(f)), language in § 3304(f)(4), and the legislative history, the court reasoned that these sources demonstrate "that Congress did not intend for § 3304 to apply when a veteran or other preference-eligible applicant is already employed in federal civil service." *Kerner*, 778 F.3d at 1338–39.

Mr. Brimer next argues that "to the extent *Kerner* actually held that § 3304(f)(1) never applies to federally employed veterans, it must be clarified or overruled." Pet. Br. 33 (capitalization normalized). Even if we agreed with Mr. Brimer, however, we are bound by this court's prior decisions. *See Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc."). Thus, we must affirm the Board's decision that Mr. Brimer was not entitled to any corrective action based on a denial of an opportunity to compete under § 3304(f)(1).

Mr. Brimer contends that *Kerner* is inconsistent with this court's prior decisions in *Joseph* and *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316 (Fed. Cir. 2012). But these cases are inapposite as they do not address the same question as *Kerner*. While *Joseph* addressed whether a preference-eligible veteran had been afforded an opportunity to compete under § 3304(f)(1), the court held that Mr. Joseph had been given a full opportunity to compete. 505 F.3d at 1383. The court therefore had no occasion to address whether § 3304(f) applies to both veterans seeking employment with the federal government and veterans already employed by the federal government. Likewise, *Kerner* is consistent with *Lazaro* because that case addressed Mr. Lazaro's nonfrivolous allegation that the VA violated his rights under 5 C.F.R. § 302.302(d), a regulation relating to veteran's preference. *See Lazaro*, 666 F.3d at 1319. Importantly, the court did not address any issues that required interpretation of § 3304(f) and whether it applies to preference-eligible veterans already employed by the federal government.

We thus affirm the Board's decision denying Mr. Brimer's request for corrective action under the VEOA.

## CONCLUSION

We have considered Mr. Brimer's remaining arguments and find them unpersuasive. For the reasons stated above, we affirm the Board's decision denying Mr. Brimer's claims.

**AFFIRMED**

## COSTS

No costs.