# United States Court of Appeals for the Federal Circuit

---

**DAVID SCOTT BRIMER,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2024-1388

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-21-0119-I-1.

---

OPINION ISSUED: December 17, 2025
OPINION MODIFIED: August 14, 2026[1]

---

DANIEL COOLEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for petitioner. Also represented by J. DEREK MCCORQUINDALE; ALEXANDER EDISON HARDING, JASON LEE ROMRELL, Washington, DC.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice,

---

[1] This opinion has been modified and reissued following a petition for rehearing.

Washington, DC, argued for respondent. Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE, FRANKLIN E. WHITE, JR.

---

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* STOLL, in which TARANTO and CUNNINGHAM, *Circuit Judges*, join.

Part I of the opinion is joined by MOORE, *Chief Judge*, LOURIE, DYK, PROST, REYNA, CHEN, HUGHES, and STARK, *Circuit Judges*.[2]

STOLL, *Circuit Judge*.

David S. Brimer petitions for rehearing en banc of the panel decision denying his request for corrective action under the Veterans Employment Opportunities Act of 1998. Relying on our precedent in *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), the panel held that Mr. Brimer was not entitled to any corrective action based on a denial of an opportunity to compete under 5 U.S.C. § 3304(f)(1) because Mr. Brimer was already a federal employee, and § 3304(f) is inapplicable to veterans who are already employed by the federal government.

In this opinion, the en banc court considers whether § 3304(f)(1) covers current federal employees along with those seeking initial federal appointments in Part I. The panel then considers application of this rule in this case in Part II. Because we hold that under § 3304(f)(1) an agency cannot rely on a veteran's status as a current federal employee to deny him or her the right to compete, we vacate the Board's decision and remand for the Board to reconsider whether Mr. Brimer was deprived of an opportunity

---

[2] Circuit Judge Newman did not participate.

to compete under the Veterans Employment Opportunities Act of 1998 (VEOA).

## BACKGROUND

Mr. Brimer is a preference eligible disabled veteran. Mr. Brimer was employed by the Naval Bureau of Medicine and Surgery as a GS-13 Supervisory Human Resources Specialist. While in that position, he applied for a merit promotion to a GS-14 Assistant Human Resources Officer position with the Naval Education and Training Command. The position Mr. Brimer applied to was open to "[c]urrent permanent employees, VEOA eligibles[,] and [Department of Defense] Military Spouse Preference (MSP) eligibles." J.A. 77. Mr. Brimer's application was not referred to the hiring official because the agency mistakenly believed that Mr. Brimer did not submit documents reflecting that he met the time-in-grade requirement for the position. Mr. Brimer filed a VEOA complaint with the Department of Labor, Veterans' Employment and Training Service (VETS), on October 20, 2020. On October 22, 2020, the position was offered to another applicant. On November 18, 2020, nearly four weeks after the position was offered to someone else, the Navy received notice of Mr. Brimer's complaint, and identified the error made regarding Mr. Brimer's eligibility. The Navy reviewed Mr. Brimer's application and determined that Mr. Brimer was not among the most highly qualified candidates for the position. On December 2, 2020, VETS issued a letter closing the file on Mr. Brimer's VEOA complaint and notified him of his appeal rights.

Mr. Brimer timely filed an appeal with the Merit Systems Protection Board, "alleg[ing] that the agency obstructed his right to compete for employment and violated his veterans' preference rights" under 5 U.S.C. § 3304(f)(1)

(2017).[3] J.A. 3; J.A. 16. The administrative judge denied Mr. Brimer's request for corrective action under the VEOA, stating that while the agency initially erred in finding Mr. Brimer unqualified, "this error was corrected through a merit review of [Mr. Brimer]'s application." J.A. 18. Mr. Brimer filed a petition for Board review. The Board affirmed the initial decision, stating that while it disagreed with the administrative judge's reasoning, Mr. Brimer was not entitled to corrective action under the VEOA as a matter of law. Specifically, relying on *Kerner*, the Board held that Mr. Brimer was not entitled to any corrective action based on a denial of an opportunity to compete under § 3304(f)(1) because Mr. Brimer was already a federal employee and § 3304(f) is inapplicable to veterans who are already employed by the federal government.

On appeal, a three-judge panel affirmed the Board's decision, reasoning that it was bound by this court's prior decision in *Kerner*. Specifically, we held that the Board properly interpreted our decision in *Kerner* as holding that § 3304(f) is inapplicable to federally employed veterans. We explained that, in that case, Mr. Kerner was employed by the Department of the Interior and applied for two merit promotion vacancies. *Kerner*, 778 F.3d at 1337. Both positions required applicants to meet time-in-grade requirements. *Id.* The Department of the Interior determined that Mr. Kerner did not meet either time-in-grade requirement and found him unqualified for both positions. *Id.* We affirmed the Board's denial of corrective action, concluding that because Mr. Kerner was already employed by the federal government, § 3304(f) was inapplicable to his case. *Id.* at 1338–39. To arrive at this holding, we interpreted § 3304(f) and expressly held that "[v]eterans already

---

[3] The current version of 5 U.S.C. § 3304 was enacted in 2024 and the relevant provision in subsection (f)(1) is now in subsection (l)(1).

employed by the competitive service are already 'eligible to apply' to merit promotion vacancies and thus cannot be the intended target for § 3304(f)." *Id.* at 1338 (quoting 5 U.S.C. § 3304(f)).

Mr. Brimer now petitions for rehearing en banc. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373 (Fed. Cir. 2019).

When filling vacancies, "[f]ederal agencies generally use two types of selection processes": "open competition and merit promotion." *Kerner*, 778 F.3d at 1337. "Open competition is used for employees seeking to join the competitive service." *Id.* (citing *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1381 (Fed. Cir. 2007)). "Merit promotion is 'used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service.'" *Id.* (quoting *Joseph*, 505 F.3d at 1381). It is undisputed that the vacancy at issue here was a merit promotion vacancy.

### I

The en banc court now agrees with Mr. Brimer that *Kerner* erred in holding that § 3304(f) is inapplicable to veterans currently employed by the federal government. *Kerner* is overruled to that extent.[4]

[4] We do not disturb *Kerner*'s holding that the preferences in 5 U.S.C. § 3311 do not apply to a federal

Mr. Brimer challenges this court's interpretation of § 3304(f) as applying only to veterans seeking initial federal appointments and not to veterans already employed by the federal government. In particular, Mr. Brimer argues that our interpretation finds no support in the plain language of the statute itself.

Subsection (f)(1) states:

> Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement *will accept applications from individuals outside its own workforce under merit promotion procedures*.

5 U.S.C. § 3304(f)(1) (emphasis added).

We agree with Mr. Brimer that the statutory language supports his interpretation. Nothing in the language of the statute limits its application to veteran and preference eligible candidates new to the federal government. The statutory language simply does not distinguish veterans and preference eligibles who are already in federal service from those who are not. Rather, the statute prohibits denying an opportunity to compete whenever an agency "will accept applications from individuals outside its own workforce under merit promotion procedures." *Id.*

The terms "veteran" and "preference eligible" also do not distinguish between federal employees and those new to the civil service. These terms are defined by statute,

---

employee's transfer or other intra-agency movement, such as promotions. *Id.* at 1338 (citing *Brown v. Dep't of Veterans Affs.*, 247 F.3d 1222, 1224 (Fed. Cir. 2001)).

5 U.S.C. § 2108(1), (3),[5] and the VEOA incorporates those definitions by reference, *see* Pub. L. No. 105-339, § 4, 112 Stat. at 3186. Nothing in these definitions limits veterans and preference eligibles to those outside the federal workforce.

Because the plain statutory language unambiguously applies to veteran and preference eligible candidates without regard to their current federal employment, we need not reach the VEOA's legislative history. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361–62 (Fed. Cir. 2010) ("[W]e need not resort to legislative history when a statute is unambiguous."). And even if we were to consider the legislative history cited by the Government, it evidences no more than a general Congressional intent to ensure veterans have access to civilian employment opportunities in the federal government.

Prior to our decision in *Kerner*, the Board had repeatedly held that § 3304(f)(1) "covers current employees along with those seeking initial federal appointments." *Jolley v. Dep't of Homeland Sec.*, 105 M.S.P.R. 104, 112 (2007); *Styslinger v. Dep't of the Army*, 105 M.S.P.R. 223, 245 (2007). In *Jolley*, for example, the Department of Homeland Security (DHS) announced a vacancy and solicited applications from employees of the Federal Law Enforcement Training Center (FLETC) and on-site partner organizations. 105 M.S.P.R. at 106. It also stated that it would accept applications from those with "VEOA eligibility." *Id.* Mr. Jolley—a veteran and federal employee—applied to the position, but DHS declined to consider his application

---

[5] A veteran must have "served . . . during a war" or otherwise specified conflict. 5 U.S.C. § 2108(1). A preference eligible must be a veteran (as defined in § 2108(1)), or "the unmarried widow or widower of a veteran," the parent of a "totally disabled veteran," or some other narrowly defined family member. 5 U.S.C. § 2108(3).

because he was not from the FLETC or its on-site partners. *Id*. On review, the Board held that the statutory language in § 3304(f)(1) allowed Mr. Jolley to compete because applications were accepted "outside [the agency's] own workforce" regardless of his status as "a federal employee at the time of his application." *Id*. at 110, 112.

Similarly, in *Styslinger*, "the Department of the Army issued a vacancy announcement" soliciting applications from, *inter alia*, VEOA-eligible applicants. 105 M.S.P.R. at 226–27. Mr. Styslinger applied for the position, "but the [Department of the Army] notified the appellant that he was not considered for the position because . . . as a current permanent employee with the [federal government], he was not eligible to apply as a VEOA candidate . . . ." *Id*. at 227. Citing *Jolley*, the Board disagreed and held:

> [T]hat the [Department of the Army] could not rely on the appellant's status as a current federal employee to deny him the right to compete for the Assistant Chief of Staff (Program Management) position for which the agency accepted applications from outside its own workforce and that it violated 5 U.S.C. § 3304(f)(1) by rejecting the appellant's application without allowing him to compete for the position.

*Id*. at 245.

Following our decision in *Kerner*, however, the Board expressly overruled these "[p]rior Board decisions that are inconsistent with the Federal Circuit's decision in *Kerner*." *See Oram v. Dep't of the Navy*, No. DC-3330-17-0755-I-1, 2022 WL 3971523, at *5 (M.S.P.B. Aug. 31, 2022). In particular, the Board overruled *Jolley* and *Styslinger*. *Id*.

We agree with Mr. Brimer that to the extent *Kerner* categorically holds that the VEOA does not apply to positions to be filled by qualified veterans or preference eligibles who are already employed in the federal service, that

conclusion is contrary to the plain language of the statute. The Government has not identified sufficient authority to change the controlling force of the unambiguous statutory language. We are not persuaded by the Government's reliance upon § 3304(f)(4) (2017), which merely provides for certain kinds of notification; it does not alter the right to compete itself. And, as previously noted, we need not consider legislative history cited by the Government because § 3304(f)(1) is unambiguous.

We conclude that the VEOA guarantees veterans and preference eligibles the right to compete regardless of their status as current federal employees. Accordingly, we hold that under § 3304(f)(1) an agency cannot rely on a veteran's or preference eligible's status as a current federal employee to deny him or her the right to compete, a right enforceable before the Board. We thus endorse the Board's prior opinions in *Jolley* and *Styslinger*. Of course, however, while the VEOA guarantees preference eligibles and veterans the right to compete, it does not exempt them from the eligibility criteria, such as time-in-grade restrictions, that are applicable to all candidates.

## II

The only ground on which the Board relied has now been overruled by the en banc court. We thus vacate the Board's decision holding that Mr. Brimer was not entitled to an opportunity to compete under § 3304(f)(1) because he was a current federal employee. We remand for the Board to consider whether, without the grounds in *Kerner*, Mr. Brimer was deprived of an opportunity to compete under the VEOA. In addressing this issue, the distinction between eligibility versus application of criteria (i.e., time-in-grade) may be of interest.

## CONCLUSION

For the reasons stated above, we vacate the Board's decision and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED**

## COSTS

No costs.